[No. 10804.    Department Two.    May 27, 1913.]

RALPH E. NYE, *Respondent*, v. W. E. PATTERSON, *Appellant*.[1]

MASTER AND SERVANT—INJURY TO SERVANT—ASSUMPTION OF RISKS —CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. Whether an offbearer in a sawmill, whose foot slipped through an opening existing at the bottom of the rollway, allowing it to come in contact with the saw while he was performing his duties in the usual and customary way, assumed the risks or was guilty of contributory negligence, are questions for the jury, where he testified that he did not know of the existence of the opening, that it was concealed by refuse, and that there was nothing to call his attention to it.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $1,500 for the loss of a great toe of the right foot, is excessive and should be reduced to $1,000, where it appears that the plaintiff, nineteen years of age, employed as offbearer in a mill, was disabled for five weeks and incurred a liability of $150 for treatment.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered May 23, 1912, upon the verdict of a jury rendered in favor of the plaintiff for $1,500, in

[1]Reported in 132 Pac. 397.

an action for personal injuries sustained by an offbearer in a
sawmill. Affirmed on condition of remitting $500.

*Porter & Powers,* for appellant.

*Hudson, Holt & Harmon,* for respondent.

CROW, C. J.—Action by Ralph E. Nye, a minor, by his
guardian *ad litem,* against W. E. Patterson to recover dam-
ages for personal injuries. The jury returned a verdict for
$1,500 in plaintiff's favor, upon which judgment was en-
tered. The defendant has appealed.

For two days prior to the accident, respondent, who was
then a little more than nineteen years of age, had been em-
ployed as an offbearer in appellant's sawmill. A system of
live rolls conveyed slabs to a cut-off saw to be cut into short
pieces. It was respondent's duty to receive these pieces
from the cut-off saw, and cast them into a bin on the opposite
side of the rollway. While doing this work, respondent, fol-
lowing the usual custom of the mill, stood with one foot in-
side, and the other outside the rollway. Between the saw and
the place where his foot was inside the rollway, there were
originally two wooden braces, which would protect the off-
bearer from coming in contact with the saw. The lower
brace had been removed sometime prior to the accident,
leaving an opening six inches high and about twenty inches
in width. Respondent contends that he was ignorant of the
existence of this opening; that it was concealed by splinters,
sawdust, and other refuse; and that, while he was working,
his foot slipped through, came in contact with the saw, and
was injured. He alleged that appellant was negligent in
failing to furnish him a safe place to work, and in failing to
instruct him as to dangers incident to his employment. Ap-
pellant pleaded the defenses of an assumption of risk and
contributory negligence.

The principal question on this appeal is whether the trial
court erred in denying appellant's motions for a directed ver-

dict, and for judgment notwithstanding the verdict, appellant's contention being that respondent assumed the risk of apparent dangers incident to his employment, and was guilty of contributory negligence. It is conceded that the opening existed at the bottom of the rollway where respondent was working, and that he was injured by reason of his foot passing through it and coming in contact with the saw while he was performing his duties as offbearer, in the usual and customary way. Appellant insists that respondent saw, or by the exercise of reasonable care should have seen, the opening, and could have avoided the injury. Whether the danger was latent or apparent was for the jury to determine from conflicting evidence. Respondent's evidence was that his attention had not been called to the opening; that he did not know it existed; that there was nothing to call his attention to it; and that his first knowledge of its existence was obtained when his foot came in contact with the saw. This evidence in material points is corroborated. Upon the record we conclude that the issue of appellant's alleged negligence, and the issues of assumption of risk and contributory negligence, were all for the exclusive consideration of the jury, and that their verdict, by which these issues were determined in respondent's favor, cannot be disturbed. The motions were properly denied.

Appellant contends that the damages awarded are excessive. This contention must be sustained. Respondent lost the great toe of his right foot. His evidence shows that he incurred a liability of $150 for medical treatment and nursing; that he was disabled for five weeks; and that he suffered much pain. We conclude from all the evidence that a judgment for $1,000 would afford ample compensation. If in twenty days after remittitur, respondent shall file with the clerk of the superior court his written consent to remit all of the judgment in excess of $1,000, with interest thereon from the date of trial, the judgment thus reduced will be

affirmed, otherwise a new trial·will be granted. Respondent will recover his costs in the superior court. Appellant will recover his costs in this court.

Morris, Ellis, Main, and Fullerton, JJ., concur.